### ALLIE NEELEY v. THE STATE.

#### No. 4173. Decided June 19, 1909.

**1.—Assault to Murder—Charge of Court—Intent—Accidental Killing.**

Where upon trial for assault to murder, the defense was accidental shooting, and the court instructed the jury that if the injured party was shot accidentally or in a scuffle over the gun between the defendant and another without any intent to murder the alleged injured party, there was no error. Davidson, Presiding Judge, dissenting.

**2.—Same—Sufficiency of the Evidence.**

Where upon trial for assault to murder there was a conflict in the evidence whether the shooting was accidental or intentional, the conviction will not be disturbed.

Appeal from the District Court of Leon. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted of assault to murder, his punishment being assessed at two years confinement in the penitentiary.

The evidence shows that the alleged assaulted party, Lusk, Wilmus Neeley and appellant were squirrel hunting, the two Neeleys being brothers and appellant their cousin. They had shot three squirrels, one of which lodged in a tree, which they failed to get, and it was left in the tree. Appellant and Lusk exhausted their ammunition. Returning from their hunt in the direction of home, Lusk testified, they were quarrelling about who killed this squirrel they failed to secure and became a little warm in their colloquy, and that appellant went to his brother, Wilmus Neeley, and undertook to take the gun from him. There was a scuffle between the two Neeleys over the gun. Lusk is not clear in his testimony whether the gun was fired intentionally or accidentally, but some of his evidence indicates that

appellant had secured the gun from his cousin when it was fired, and the State, therefore, contends this is sufficient evidence to show an intentional shooting. The testimony of Wilmus Neeley was that defendant asked for the gun to go over to a duck pond near by for the purpose of shooting ducks. This request was based on, it seems, two reasons: The first was that appellant's gun was a rifle, and, second, that his ammunition was exhausted. Wilmus Neeley's gun was a shotgun and he had cartridges left. He declined to let his brother have it, and they had a scuffle over it. That his brother had the gun by the barrel and while they were scuffling over the gun it was accidentally discharged. The great weight of the testimony indicated that the gun was accidentally discharged. Appellant also testifies to that effect. There are quite a number of statements from the alleged assaulted party to the same effect. They were boys, none of them over twenty years of age. The shot were small shot and took effect about the shoulder of the assaulted party, the range of the shot being upward. Some of the shot were picked out just under the surface of the skin.

One of the questions suggested for revision is the sixth clause of the court's charge, which is as follows: "You are further instructed, gentlemen, that if the alleged injured party, Raymond Lusk, was shot accidentally or in a scuffle over the gun between Allie Neeley and Wilmus Neeley and without any intent on the part of the said Allie Neeley to murder the alleged injured party, Raymond Lusk, or if you have a reasonable doubt as to the intent to kill, you should acquit the defendant." We do not believe that this charge is subject to serious criticism. We think the statement, "if the alleged injured party, Raymond Lusk, was shot accidentally or in a scuffle over the gun between Allie Neeley and Wilmus Neeley and without any intent on the part of the said Allie Neeley to murder the alleged injured party," is but a different way of putting the same question and amounts to a statement to the same effect, that is, that there was no intent to kill and that the killing was in fact accidental. If the killing was accidental, or if appellant shot deceased in a scuffle without intent to kill, he would not be guilty. The instruction in fact is somewhat broader and more favorable to appellant than if the issue of accidental killing had been submitted in general terms. It authorized an acquittal if in any way the jury should find it an accident, or if, as applied to the facts of a scuffle between the parties, the shooting was without intent to kill, they would find him not guilty. It will be noticed also that these issues are submitted in the disjunctive and in either event appellant would be entitled to an acquittal, that is, the jury were instructed to acquit if the gun was fired accidentally, and were also instructed to acquit if it was discharged in a scuffle but without intent to kill.

The only other question of any consequence raised in the record is the sufficiency of the evidence. There was strong evidence from

which the jury might have found an accidental killing, but the facts are not wholly inconsistent with culpable homicide, and we think the evidence is sufficient to sustain the conviction.

Finding no error in the record, the judgment of conviction is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge (dissenting).—I · can not concur with my brethren in holding that the charge given by the court to the jury with reference to accidental shooting is beneficial to appellant; on the contrary, I believe it was injuriously harmful. It reads as follows: "You are further instructed, gentlemen, that if the alleged injured party, Raymond Lusk, was shot accidentally or in a scuffle over the gun between Allie Neeley and Wilmus Neeley and without any intent on the part of the said Allie Neeley to murder the alleged injured party, Raymond Lusk, or if you have a reasonable doubt as to the intent to kill, you should acquit the defendant." As an inspection of the facts set out in the opinion will show, there were two theories presented by the evidence, one an intentional shooting, the evidence to support which contention is rather weak. The second contention is that the gun went off pending a struggle between appellant and his brother Wilmus, and that the shot from the gun took effect in the shoulder of Lusk. If the discharge of the gun was accidental, appellant did not shoot at Lusk with or without any intent to kill; in fact, did not shoot at him at all. There are also two theories made by the evidence in regard to the purpose on the part of appellant in seeking to obtain the gun. The State's theory is that he was seeking the gun for the purpose of shooting Lusk, and the other was that he was trying to get the gun for the purpose of going to the lake to shoot ducks. If appellant was seeking the gun for the purpose of shooting Lusk and it went off while he and his brother were in a scuffle, appellant would not be guilty of assault with intent to murder Lusk or of purposely shooting at him, because he did not have control of the gun and did not shoot. The evidence shows that he had it by the barrel and his brother Wilmus had it by the stock or breech. If he was seeking to get the gun for the purpose of going hunting, then there was no purpose connected with his seeking to get the gun to shoot Lusk. From either standpoint the discharge was accidental. Had the court stopped his charge at the point where he informed the jury in regard to accidental shooting, it would have been sufficient, but the court went further · and put. the matter in the alternative, as follows: "Or in a scuffle over the gun between Allie Neeley and Wilmus Neeley and without any intent on the part of the said Allie Neeley to murder the alleged injured party, Raymond Lusk." This burdens appellant's case with a legal proposition that the writer understands to be contrary to the law, and not only so, but which

may have induced the jury to convict him despite the evidence in regard to an accidental shooting. If the gun was accidentally discharged, from any view of the case appellant would not be guilty of making an assault, for under that phase of the evidence he was not directing the gun nor did he have control of it. He was seeking to get control of it either for the purpose of going hunting or for the purpose of shooting Lusk. If the gun was discharged accidentally it would make no difference what the ulterior purpose of appellant was in trying to obtain it. It was an unexecuted purpose. Under that phase of the facts he was unable to carry out or execute the purpose. Under this phase of the charge the jury could have believed readily that the discharge of the gun was accidental, but under another phase of the testimony they could have believed equally as readily that his purpose was to secure the gun to ultimately shoot Lusk. In this condition of the testimony the court practically instructs them that even if he intended to shoot Lusk, although it was an accident they would convict. I think it would take no reasoning to show the fallacy of this proposition. A party under our law may and can have the ulterior purpose to kill, but if he is not in position to do so and does not make an attempt to do so by means sufficient to carry out his purpose, he would not be guilty of homicide, and it would necessarily follow that if he could not commit the homicide by the means used, that he would not be guilty of assault to murder. This is made so by the statute. Under the charge given appellant could be sent to the penitentiary because he may have had the ulterior purpose of shooting Lusk, when he did not in fact shoot Lusk or shoot at him, but the gun was accidentally discharged in the hands of his brother Wilmus, while appellant was seeking to obtain possession of it.

I respectfully dissent from the conclusion of my brethren and think the error of sufficient importance to make these few observations.